## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRITNEY BLACK,** | : | **Electronically Filed** |
| **Plaintiff,** | : | |
| | : | **Civil Action no.** |
| | : | |
| **v.** | : | **Jury Trial Demanded** |
| | : | |
| | : | |
| **SCOTLAND YARD** | : | |
| **SECURITY SERVICES** | : | |
| **INC. and Kenyatta Williams,** | : | |
| **Employee of SCOTLAND** | : | |
| **YARD SECURITY SERVICES,** | : | |
| **INC., and** | : | |
| **Kenyatta Williams,** | : | |
| **in his personal capacity,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT FOR DAMAGES

**AND NOW,** comes Plaintiff, **BRITNEY BLACK**, by and through her

attorneys, **GAN LAW GROUP,** by Richard R. Gan, Esquire, and brings forth this

Complaint against Defendants, and avers as follows:

## <u>INTRODUCTION</u>

Plaintiff is an adult female.  Her race is black.  She was subjected to severe

and pervasive sexual harassment by her supervisor.  She has suffered and will

continue to suffer permanent psychological damage due to the actions of her employer throughout her lifetime. The sexual harassment included obscene and pervasive texts, phone calls, touching and extreme and unwelcome physical contact. When she repeatedly notified her supervisors of the harassment voiced her concerns and apprehension to her supervisors, no action was taken by any supervisor. There were no means or methodology available to her to file a sexual harassment claim with her employer through the company's policies. After she voiced her concerns, her work week was reduced from forty (40) hours to sixteen (16) hours.  Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff was taunted by her supervisor/defendant Kenyatta Williams to know her reasons why she was filing a complaint.  When her supervisor Kenyatta Williams was served with the complaint, he contacted Plaintiff. Williams threatened to fire the Plaintiff and continued to call repeatedly demanding to know why Plaintiff filed a complaint with PHRC.  The PHRC found probable cause regarding all allegations contained in Plaintiffs complaint and issued its findings on August 20, 2014.   On or about September 10, 2014, a settlement conference was convened by the PHRC to resolve this matter. Defendants took little or no responsibility for the acts of their employee Defendant Williams and made a mockery out of the settlement process. Settlement discussions were terminated by counsel for Plaintiff when she became emotionally

overwrought with the actions of Defendants' representative. The U.S. Equal Opportunity Commission issued its right to sue letter on November 13, 2014.

## PARTIES TO THIS ACTION

1.      Plaintiff, Brittany Black is an adult individual currently residing in Harrisburg, Dauphin County, Pennsylvania.

2.      Defendant Scotland Yard Security Services Inc. is a Commonwealth of Pennsylvania Corporation who, at the time of the severe sexual harassment resulting in permanent damage to Plaintiff had its primary office in Dauphin County located at 1006 Hemlock Drive, Building 42, Harrisburg, Pennsylvania 17110.

3.      Defendant Scotland Yard Security Services Inc. corporate office is located at 2243 W. Allegheny Avenue, Philadelphia Pennsylvania 19132.

4.      Defendant Scotland Yard Security Services Inc. employs in excess of 500 people.

5.      Kenyatta Williams, Plaintiffs Captain and defendant herein, were at all times relevant hereto employed by Defendant Scotland Yard Security Services Inc.

6.      Garnett Littlepage is principal owner and CEO of Scotland Yard Security Services, Inc.

7.      This court has jurisdiction over this action pursuant to 28 U.S.C. §

1331(federal question) and the amount in controversy exceeds seventy-five

thousand dollars ($75,000.00), exclusive of costs and interest.  This court has

further jurisdiction as this matter is brought pursuant to Title VII of the Civil

Rights Act of 1964.

## VENUE

8.      Venue is proper in the United States District Court for the Middle

District Of Pennsylvania pursuant to 28 USC § 1391 (b) because the acts or

omissions which give rise to Plaintiffs claims occurred in the County of Dauphin,

Pennsylvania, located in the Middle District of Pennsylvania. Plaintiff at all

relevant times was a citizen and resident of Dauphin County Pennsylvania, located

in the Middle District of Pennsylvania.

9.      Plaintiff has exhausted her administrative remedies by virtue of filing

PHRC Case No. 2001100008- **Britney Black v Scotland Yard Security Services,**

**Inc., EEOC No. 17F201162099**.

## STATEMENT OF FACTS

10.    Plaintiff Britany Black ("Plaintiff") is an adult black female.

11.    Plaintiff resides in Dauphin County, Pennsylvania.

12.   On or about September 1, 2010, Plaintiff was hired by Defendant Scotland Yard Security Services Inc. as a Security Guard.

13.   Scotland Yard Security Services Inc. ("Defendant Scotland Security Inc.") is in the business of providing security services for business as well as the Commonwealth of Pennsylvania.

14.   Defendant Scotland Security Inc. does business in Dauphin County; within the Commonwealth of Pennsylvania, and, employs more than 500 people.

15.   Beginning in September of 2010 through the filing of her Pennsylvania Human Relations Commission Complaint, Plaintiff was subjected to sexual harassment by her Captain Kenyatta Williams, a full time employee of Defendant Scotland Security Inc.

16.   Beginning in September of 2010 and continuing throughout her employment with Defendant Scotland Security Inc., Plaintiff was continually subjected to the persistent and unwanted sexual advances of her supervisor Captain Kenyatta Williams ("Defendant Williams").

17.   On or about March 15, 2011, Defendant Williams physically grabbed Plaintiff while she was at work and on duty and lifted her off the ground.

18.   Plaintiff was subjected to severe sexual harassment, sexually explicit comments and text messages, and made her the target of unwanted sexual

innuendos, as well as inappropriate physical contact by Defendant Williams throughout her period of employment creating a hostile work environment.

19.  Defendant-Williams was the highest ranking employee at Plaintiff's work location.

20.  On or about May 27, 2011, Defendant Williams suspended Plaintiff without pay for allegedly violating respondents "call-off" policy.

21.  On or about June 20, 2011, Plaintiff's employment hours were reduced from 40 hours per week to 16 hours per week.

22.  On or about July 6, 2011, Plaintiff filed a complaint with the Harrisburg Office of the Pennsylvania Human Relations Commission ("PHRC") citing multiple violations of her civil rights including the sexual harassment as described herein.

23.  During her entire period of employment, Plaintiff's supervisor and captain, Defendant Williams, sent Plaintiff unwanted sexually explicit text messages without the consent of Plaintiff.

24.  Defendant Williams made persistent and unwelcome daily and weekly comments that Plaintiff "looked good" but "not to tell anyone what I'm saying!"

25.  Plaintiff repeatedly rejected Defendant Williams advances and reported the harassment to supervisor Sergeant Lisa Snyder ("Sergeant Snyder").

26.  Plaintiff reported the severe sexual harassment to Sergeant Snyder, her supervisor, prior to her suspension and before her hours were reduced.

27.   There were no Employee handbooks, manuals or other polices present at the Harrisburg, Pennsylvania work site describing what procedures to follow when an employee was subject to sexual harassment in the workplace.

28.   Plaintiffs new hire packet did not contain any sexual harassment policy or indication of procedure for reporting sexual harassment.

29.   There were no statutorily required Pennsylvania Human Relations Act posters present at the work site.

30.   After Plaintiff filed her complaint with PHRC, and the Defendant was served, Plaintiff's work hours were substantially reduced from 40 hours per week to approximately 16 hours per week.

## COUNT I

### FIRST CLAIM FOR RELIEF

### HARRASSMENT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.  Paragraphs 1 through 30 are incorporated herein as if reproduced in full.

32.  Plaintiffs protected class is sex, and she is a female.

33.  Commencing on or about September 2010 through the filing of her complaint with PHRC, Plaintiff was subjected to repeated and continuous sexual

harassment from her supervisor and Defendant Williams; whose sex is male, race is black.

34. At least twice per week, Defendant Williams would send Plaintiff text messages of a sexual nature stating, by example, "I want to lick your pu-sy," "I will lick it longer than anyone else has!"

35.  On a regular weekly basis, Defendant Williams would send Plaintiff text messages of a sexual nature that said by example "I had a dream about you and we made love all night."

36.  On a regular basis, Defendant Williams would send Plaintiff text messages that said "I want to have sex with you."

37.  While Plaintiff was at work and on duty, Defendant Williams would stare at her and state, "Oh, you look good" and "you better not tell anyone what I say to you".

38.  Plaintiff continually and persistently rejected Williams's sexual and unwanted advances.

39.  Rather than acknowledge Plaintiffs request that the sexual harassment stop, Defendant Williams would send Plaintiff text messages stating "I still want you."

40.  Plaintiff repeatedly told Defendant Williams that she was offended by his actions, his sexual innuendos, and demanded that his advances stop.

41.   Williams ignored Plaintiff's request to stop and continued his persistent, degrading and illegal sexual harassment of Plaintiff up and through the filing of her complaint with PHRC.

42.   Williams actions were severe, unrelenting and illegal and created a hostile work environment because of her gender.

43.   Assistant director, Julius Sweets- whose gender is male -knew about the consistent and pervasive sexual harassment of Plaintiff and other women at Scotland Services, Inc.

44.   That as a direct result of the actions of all Defendants, Plaintiff's Civil Rights prohibiting sexual harassment in the work place have been violated to an extreme and measurable degree.

## COUNT II

### SECOND CLAIM FOR RELIEF
### RETALIATION /DISCRIMINATION

45.   Paragraphs 1 through 44 are incorporated herein as if reproduced in full.

46.   After the commencement of Plaintiff's employment and through the filing of her complaint with the PHRC, Plaintiff was employed on a full time basis.

47.   After filing her complaint with the PHRC, Plaintiffs work week was reduced from full time forty (40) hours per week to sixteen (16) hours per week.

48.  Defendant Scotland Security Inc. alleged the reduction in hours was the result of a complaint by a customer and numerous violations of company policy.

49.  Plaintiff was never advised of any violations of company policy up and through the filing of her complaint with PHRC.

50.  Plaintiff was never advised of a complaint filed by a customer of Scotland Security, Inc. regarding her conduct.

51.  The alleged  justification for reduction of hours were retaliatory and initiated in direct response to Plaintiffs request that the sexual harassment cease and the filing of her complaint with PHRC.

52.  That these retaliatory actions are in direct violation of Title VIII of the Civil Rights act of 1964.

## COUNT III

**THIRD CLAIM FOR RELIEF**
**SEXUAL DISCRIMINATION**

53**.**  Paragraphs 1 through 52 are restated herein as if reproduced in full.

54.  Plaintiff s protected class is sex, female.

55.  Plaintiff worked for Defendant for over 9 months.

56.  On or about May 15, 2011, Plaintiff was suspended for three days without pay by her sexual harasser, Defendant Williams for allegedly calling out sick from work.

57.   Male guards were treated more favorably as they are not suspended without pay for similar or identical actions.

58.   Security Guard AJ Medina, (sex male) called out for work for an entire week; however, he was not suspended or disciplined by Defendant Williams.

59.   That as a result, Plaintiff has been sexually discriminated against due to her status as a woman for all the above reasons and in violation of Title VII of the Civil Rights Act of 1964.

## <u>COUNT IV</u>

**FOURTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**

60.   Paragraphs 1 through 59 are restated herein as if reproduced in full.

61.   On or about March 15, 2011, Defendant Williams acted with intent to cause  harmful or offensive contact with intimate parts of the Plaintiff when during her scheduled shift, he physically grabbed Plaintiff;  picked her up off the ground against her will with the intent to touch and or fondle her.

62.   The harmful or offensive contact by Defendant Williams upon the Plaintiff was without Plaintiff's consent.

63.   Defendant Williams actions were witnessed by other employees.

64.   That all defendants are liable for general and special damages as a result of these acts by Williams.

65. That as a result of Williams actions on or about the above date, he committed a sexual battery within the meaning of Title VII of the Civil Rights act of 1964.

## COUNT V

## FIFTH CLAIM FOR RELIEF
## NEGLIGENCE

66.   Paragraphs 1 through 65 are restated herein as if reproduced in full.

67.   **DEFENDANT** Scotland Security, Inc., owed a duty to Plaintiff to use due care to prevent sexual harassment, sexual battery, retaliatory conduct and other tortious behavior from occurring, and upon learning of such acts, to take prompt and appropriate action to remedy the situation.

68.   **DEFENDANT** Scotland Security Inc., failed to use the due care of a reasonably prudent person that is required by statutory, regulatory, administrative and common law standards, regarding the supervision, instruction, training and disciplining of Defendant Williams its employee.

69.   Upon information and belief, Defendant Williams was never disciplined for his actions.

70.   Upon information and belief, Defendant Williams continues to work for Defendant Scotland Security, Inc.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Britany Black prays for Judgment against the named defendants and asks this Court to award her damages and any other relief as the Court deems equitable from each Defendant in an amount exceeding **SEVENTY FIVE THOUSAND DOLLARS** ($75,000.00) AND SPECIFICALLY.

1. All damages to be determined by this Honorable Court.

2. Special and Punitive damages to be determined by this Honorable Court.

3. All Attorney fees and costs permitted under applicable statutes pursuant to Title VII and all other relevant statues under which attorney fees may be granted.

## <u>JURY DEMAND</u>

Britney Black hereby requests a jury trial on all issues.

Respectfully submitted,

GAN LAW GROUP

Dated: February 11, 2015
By:  s/Richard R. Gan
Richard R. Gan, Esq.
PA 68721
Attorney for Plaintiff
2023 North Second Street
Harrisburg, Pennsylvania 17110
P: 717-648-1098
Richlaw1@comcast.net

**VERIFICATION**

I, Britney Black, Plaintiff, verify and affirmatively state that the allegations made herein are truthful to the best of my knowledge, memory and recollection.

Dated: February 11, 2015
BY: s/Britney Black