IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRITNEY BLACK,** | : CIVIL ACTION NO. 1:15-CV-307 |
| **Plaintiff** | : (Chief Judge Conner) |
| v. | : |
| **SCOTLANDYARD SECURITY SERVICES, INC.** *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 23rd day of February, 2016, upon consideration of the motion (Doc. 38) to dismiss the amended complaint (Doc. 25) of *pro se* plaintiff Britney Black ("Black") for failure to obey a discovery order and failure to prosecute,[1] see FED. R. CIV. P. 37(b)(2)(A)(v), 41(b), filed by defendants Scotlandyard Security Services, Inc. and Kenyatta Williams ("defendants"), wherein defendants state that Black failed to comply with the court's November 25, 2015 order (Doc. 35) compelling Black to respond to defendants' discovery requests within fifteen (15) days, and further upon consideration of the court's February 3, 2016 order (Doc. 40), wherein the court directed Black to file a brief in opposition to defendants' motion (Doc. 38) on or before February 10, 2016, and admonished Black that noncompliance with this directive could result in the court deeming defendants'

---

[1] Defendants filed a separate motion (Doc. 37) for sanctions and attorney's fees on January 6, 2016. See FED. R. CIV. P. 37(b)(2). However, defendants did not file a supporting brief for their motion. The Local Rules of Court provide that "[i]f a supporting brief is not filed" within fourteen (14) days of the filing of a motion, "the motion shall be deemed to be withdrawn." LOCAL RULE OF COURT 7.5. Accordingly, the court deems the motion (Doc. 37) withdrawn.

motion unopposed and dismissing her claims, see LOCAL RULE OF COURT 7.6, and it appearing that Black did not file an opposition brief, or take any action to prosecute the instant case since the filing of her amended complaint (Doc. 25) on May 14, 2015, and the court observing that the United States Court of Appeals for the Third Circuit directs district courts to consider six factors when determining whether dismissal pursuant to Rules 37(b) and 41(b) is appropriate, to wit: (1) "the party's personal responsibility;" (2) prejudice to adversaries caused by the party's conduct; (3) "history of dilatoriness;" (4) whether the party's conduct was "willful" or "in bad faith;" (5) effectiveness of alternative sanctions; and (6) "meritoriousness of the claim," Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984); see also Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013); FED R. CIV. P. 37(b)(2)(A)(v), 41(b), and the court finding that Black was advised of the necessity to comply with the court's directives (Docs. 35, 40) but failed to do so; that Black's failure to comply hindered defendants' efforts to litigate and obliged defendants to file a motion (Doc. 33) to compel, see, e.g., Briscoe v. Klaus, 538 F.3d 252, 259-60 (3d Cir. 2008); that Black did not obey multiple orders of the court (Docs. 35, 40); that Black's refusal to provide discovery responses and file a brief in opposition to the instant motion (Doc. 38) when specifically ordered to do so constitutes willful disregard of the court's authority, see, e.g., Roman v. City of Reading, No. 02-4763, 2004 WL 569522, at *7 (E.D. Pa. Mar. 22, 2004); that no other sanctions effectively

2

remedy Black's failure to comply; and that Black's failure to prosecute her claims precludes any assessment of their merit, and the court acknowledging that courts should generally "order the disobedient party . . . to pay the reasonable expenses" caused by that party's failure to comply, "unless the failure was substantially justified or other circumstances make an award of expenses unjust," FED. R. CIV. P. 37(b)(2)(C), see also Atwell v. SPX Cooling Techs., Inc., No. 1:10-CV-1271, 2011 WL 2194057, at *2 (M.D. Pa. June 6, 2011) (Conner, J.), but the court finding that dismissal of claims is the "ultimate sanction," Tyner v. Viacom, Inc., No. 4-609, 2010 WL 2697110, at *3 (W.D. Pa. July 6, 2010), and thus declining to impose sanctions other than dismissal, see id., it is hereby ORDERED that:

1. Defendants' motion (Doc. 38) to dismiss is GRANTED.

2. Black's amended complaint (Doc. 25) is DISMISSED with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

3. The Clerk of Court is directed to CLOSE this case.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania